IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Shaun Fauley, Individually and )
as the representative of a )
class of similarly situated )
persons, )
 )
          Plaintiff,    )
 )
     v.                 )    No. 15 C 2170
 )
Royal Canin U.S.A., Inc., and )
John Does 1-10, )
 )
          Defendants.   )
 )

MEMORANDUM OPINION AND ORDER

This is a putative class action alleging that defendants violated the Telephone Consumer Protection Act of 1991, 47 USC § 227 (the "TCPA") by sending the named plaintiff and others unsolicited faxes. As was common practice at the time, plaintiff filed a "placeholder" class certification motion under *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), to protect the putative class from attempts to buy off the named plaintiff and moot his claim. Before discovery began, I granted defendants' motion to stay the case pending the Supreme Court's decision in *Gomez v. Campbell-Ewald Co.*, 136 S. Ct. 663 (2016), which addressed whether "an unaccepted offer to satisfy the named plaintiff's individual claim [is] sufficient to render a case moot when the complaint seeks relief on behalf of the plaintiff and a

class of persons similarly situated." *Id*. at 666. The Court concluded that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case," *id*. at 672, but it expressly left open "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id*.

In a motion styled "to modify stay," defendants profess their intent to "exercise the option left open by the Supreme Court and pay Plaintiff the entire amount of individual relief he seeks in the Complaint" in hopes of mooting his individual claim, thus, presumably, incapacitating the class action. *See* Def.'s Mot. at 1. Defendants insist, however, that their current motion "is not asking the Court to decide the underlying question of whether Royal Canin's payment will resolve the case. The relief sought would simply permit Royal Canin to make the payment to Plaintiff." *Id*. at 2. Defendants further argue that I "should not lift the stay on discovery until this issue is resolved." *Id*.

Defendants' motion is denied. To begin, the stay expired by its own terms upon the Supreme Court's ruling in *Campbell-Ewald*, so there is nothing presently to "modify" or "lift." At all events, no further briefing is necessary on whether the payment defendants propose, if effectuated, would obviate the need for class discovery. In this regard, I agree with the Ninth Circuit

2

and the several district courts that have concluded that the *Campbell-Ewald* Court's admonition that "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted," *id.*, means that it is inappropriate to enter judgment on a named plaintiff's individual claims, "over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification." *Chen v. Allstate Ins. Co.*, ---F.3d---, 2016 WL 1425869, at *9 (9th Cir. Apr. 12, 2016); *see also Bais Yaakov of Spring Valley v. Graduation Source, LLC,* ---F. Supp. 3d---, 2016 WL 872914, at *1 (S.D.N.Y. Mar. 7, 2016) (denying defendants' request to issue an order "directing the Court's Finance Unit to accept payment of $9,200.00 into the Court's registry for the benefit of Plaintiff, and upon proof of payment, to enter judgment in favor of Plaintiff"); *Brady v. Basic Research, LLC.*, 312 F.R.D. 304, 306 (E.D.N.Y. Feb. 3, 2016) (denying motion for permission to deposit funds with Clerk of Court in plaintiffs' favor, "consistent with the Rule 68 offer of judgment").

I am mindful that some district courts have ruled otherwise. *See South Orange Chiropractic Center, LLC v. Cayan LLC*, No. 15-13069-PBS, 2016 WL 1441791, at *5 (D. Mass Apr. 12, 2016) (holding the named plaintiff's individual TCPA claims moot "because Defendant has offered to deposit a check with the court, to satisfy all of Plaintiff's individual claims (and more), and to

have the district court enter judgment in Plaintiff's favor"); *Price v. Berman's Automotive, Inc.*, No. 14-763-JMC, 2016 WL 1089417, at *3 (D. Md. Mar. 21, 2016) (issuance of unconditional cashier's check with proof of payment and delivery to plaintiff would moot plaintiff's claim); and *Leyse v. Lifetime Entertainment Services*, LLC, ---F. Supp. 3d---, 2016 WL 1253607, at *2 (Mar. 17, 2016) ("a defendant's deposit of a full settlement with the court, and consent to entry of judgment against it, will eliminate the live controversy before a court"). In my view, however, these decisions are inconsistent with the Court's refusal, in *Campbell-Ewald*, to "place the defendant in the driver's seat" of the litigation with a "gambit" designed to "avoid a potential adverse decision, one that could expose it to damages a thousand-fold larger than" the payment it proposes to make in plaintiff's favor. *Campbell-Ewald*, 136 S. Ct. at 672.

For these reasons, defendants' motion is denied, and plaintiff's amended "placeholder" class certification motion is denied as moot. Class discovery may proceed.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 13, 2016